## Joseph Hinterberger
### v.
## Sebastian Weindler.

1.  Forcible detainer—Demand in writing must be shown.—In an action for forcible detainer, it is incumbent upon the plaintiff to show a demand in writing for possession of the premises before suit, and failing so to do, he cannot recover.

2.  Promissory note—Delivery—Endorsement.—H. executed notes and a mortgage for $2,000 to M., and left them in the hands of K., a broker, to be delivered on receipt by him of the money.  M. failed to furnish the money, and $1,800 was afterwards procured from another source to be loaned. to H.  To save the expense of new papers, the difference, $200, was endorsed upon the notes already made for the first proposed loan, as paid, and those notes duly delivered to the party loaning the money.  *Held*, that M., though named as payee in the notes, was never a holder, they never having been delivered to him; that the apparent indorsement of his name was adopted for the convenience of the parties, and that the person actually loaning the money was the first real holder.

Error to the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding.

Mr. F. Sackett and Mr. J. A. Phelps, for plaintiff in error; upon the question· of agency, cited 1 Parsons on Contracts, 253; 2 Parsons on Notes, 7; Lawrence v. Hibbard, 41 Barb. 575.

As to the legal title in the notes: Canal Bank v. Bank of Albany, 1 Hill, 287; Edwards on Prom. Notes, 250.

Upon the question of validity of the sale under the trust deed: 2 Perry on Trusts, 602; Gunnell v. Cockerell, 84 Ill. 319.

There must have been a delivery of the deeds to make them operative: Dale v. Lincoln, 62 Ill. 22; Hulick v. Scoville, 4 Gilm. 159.

The transaction amounted only to a mortgage, and plaintiff in error is entitled to time for redemption: Pensonneau v. Pullian, 47 Ill. 58; Klock v. Walter, 70 Ill. 416; Smith v. Doyle, 46 Ill. 451; Ryan v. Dox, 34 N. Y. 307; 1 Jones on Mortgages, § 332.

Messrs. Cooper & Plotke, for defendant in error; as to authority to endorse the notes, cited 1 Parsons on Notes and Bills, 100; 17 Ill. 272.

Upon the question of delivery of the deeds: Gunnell v. Cockerell, 84 Ill. 319; Walker v. Walker et al. 42 Ill. 311.

Proof that an instrument was intended as a mortgage should be clear and satisfactory: Price v. Karnes, 59 Ill. 276.

There was a sufficient demand for possession: Rev. Stat. 533, § 3.

Pleasants J. This was a proceeding by the defendant in error against the plaintiff in error for forcible detainer.

It appears that Hinterberger applied to Knauer & Bro., brokers, for a loan of two thousand dollars, and in expectation of receiving it in the course of a few days from Frederick W. Meyer, of Minnesota, for whom they had long been agents, they prepared the necessary papers, consisting of four notes: one for the principal sum at two years, and four for the interest of one hundred dollars each, at six, twelve, eighteen and twenty-four months, respectively, payable to said Meyer or

Hinterberger v. Weindler.

order, and a trust deed to Edmund Knauer, providing in the usual way for the sale of the premises in controversy in case of default, upon the application of the legal holder of said notes or of either of them.

These all bore date of Sept. 16, 1872, and were duly signed and left with Knauer & Brother.

Failing to get the money from Meyer, they afterwards induced Hinterberger to accept the sum of eighteen hundred dollars, which they obtained for that purpose from Frank Monninger; and to avoid the expense of new papers reduced the notes already made by crediting thereon the proper difference, endorsed them in blank, without recourse, in the name of Meyer as "his agents," and delivered them to Monninger. Meyer knew nothing of this, but Edmund Knauer testified that it was done with the full assent of Hinterberger given at the time and with full knowledge of the facts, and he is corroborated to some extent by Monninger, although contradicted by Hinterberger.

All of these notes, excepting the first for interest, remaining unpaid when due, Monninger applied to the trustee to sell the premises under the power contained in his deed, and accordingly on the 20th of January, 1875, having given the proper notice, he struck off and sold them for $2,125, to William Butt. He being unable to raise the money immediately, as was required, on the same day and for the same consideration, deeded them over to Monninger who paid the costs, and then conveyed to the defendant in error for $2,054. It is probable that these several conveyances were made out on the same day and left with Knauer, and that some days afterwards, when Monninger had received all of his money from Weindler, he took them together to the Recorder's office without actual delivery in person to the grantees respectively. Some attempt was made to show also that the parties concerned agreed on this series of conveyances before the sale was made by the trustee, and that Weindler further agreed to give Hinterberger time for redemption, but both Butt and Weindler deny all participation in, or knowledge of any such arrangement.

Upon this statement of facts the plaintiff in error makes two points.

First: That Monninger was not the legal holder of the notes, for want of authority in Knauer & Bro. as agents to assign them, and that consequently the trustee's sale upon his appli-·cation was unauthorized and void.

Much of argument and authority was addressed to this point by counsel on both sides. It seems to us, however, that the question of agency does not arise, for the reason that Meyer himself, though named as payee, was never a holder. They were never delivered to him, nor to Knauer & Bro. for him, except on condition of his loaning the money. This failing, the apparent endorsement in his name was adopted by the parties for the purpose of making them payable in the first instance to Monninger, who thereby and upon delivery to him became the first real holder, and for aught we see might have maintained his action as such upon an allegation of the facts.

Second: That the deeds to Butt and to Monninger were void for want of delivery. We think it evident that they were held by Knauer for them, according to the clear intention of all parties concerned, and that was sufficient.

Upon these points then we find no difficulty in the plaintiff's case. But there is another not less essential to it, in relation. to which, whatever may have been the proof actually before the court, this record wholly fails to support it; and that is the demand in writing for possession before suit brought.

The bill of exceptions indicates that there was a notice of some sort shown to the witnesses Weindler and Plotke, and testified of by them, but the record is that it was served on Weindler at the request of Hinterberger. Perhaps these names were inadvertently transposed by the witness, but if that could be assumed the notice itself is not preserved nor otherwise· shown, and we cannot assume that it was what the statute required. It was for the plaintiff to show it, and for his failure to do so, as it appears, though perhaps by a mere oversight, the judgment must be reversed and the cause remanded.

Reversed and remanded.